Case 2:22-cv-00253   Document 22   Filed on 06/27/23 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
June 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 2:22-CV-00253 |
| ISAAC KWARTENG, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"). (D.E. 10). The M&R recommends that the Court retain Plaintiff's Eighth Amendment deliberate indifference claims against Defendant Dr. Isaac Kwarteng in his individual capacity. *Id.* at 1. The M&R also recommends that the Court dismiss with prejudice Plaintiff's ADA/RA claims against Defendants Dr. Kwarteng and Dr. Lanette Linthicum in their official capacities as frivolous and/or for failure to state a claim for relief. *Id.* at 2. Plaintiff timely filed objections to the M&R. (D.E. 12).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Plaintiff objects to the M&R's recommendation that the Court dismiss with prejudice Plaintiff's ADA/RA claims against Dr. Kwarteng and Dr. Linthicum in their official capacities. (D.E. 12, p. 1). The M&R recommends dismissing Plaintiff's ADA/RA claims because Plaintiff "essentially argues that he is being denied

his requested medical treatment for his various physical conditions and medical issues" and "provides no specific facts to indicate how Dr. Kwarteng's actions impacting Plaintiff's medical appointments with outside specialists and his treatment of various medical issues were motivated by Plaintiff's disabilities. Rather than suggest he has been excluded from treatment by reason of his disabilities, Plaintiff's complaints center on the denial of his requested medical treatment." (D.E. 10, p. 14). Plaintiff seemingly objects to this finding by arguing that Dr. Kwarteng denied him access to a van for disabled inmates. (D.E. 12, p. 2). According to Plaintiff, this shows that Dr. Kwarteng "excluded [] Plaintiff from participating in medical services solely by reason of his lateral pelvic tilt." *Id.*

However, the Court finds that Plaintiff's objection does not impact the M&R's analysis or conclusions. As such, after having carefully reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections were directed, the Court **OVERRULES** Plaintiff's objections in their entirety. (D.E. 12). Accordingly, the Court:

(1) **ADOPTS** the M&R in its entirety. (D.E. 10).

(2) The Court **RETAINS** Plaintiff's Eighth Amendment deliberate indifference claims against Dr. Kwarteng in his individual capacity.

(3) The Court **DISMISSES with prejudice** Plaintiff's ADA/RA claims against Dr. Kwarteng and Dr. Linthicum in their official capacities as frivolous and/or for failure to state a claim for relief.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
June 27, 2023